IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| TONY FRENCH, | ) |
| | ) 2:12-cv-01414-JO |
| Plaintiff, | ) |
| | ) |
| v. | ) OPINION AND ORDER |
| | ) |
| CO J. HOLLOPETER, CO DAYTON, SNAKE | ) |
| RIVER'S CORR INST, LT. R PARK AND LT | ) |
| JAMES A. TAYLOR, | ) |
| | ) |
| Defendants. | |

JONES, J.

On April 13, 2015, plaintiff Tony French, a prisoner housed at the Snake River
Correctional Institution, filed his third amended complaint [#62] under 42 U.S.C. § 1983, having
had his prior complaint and amended complaints dismissed for procedural infirmities. In his
complaint, French alleges the actions of defendants, Oregon Department of Corrections officers,
violated his Eighth Amendment Rights under the United States Constitution to be free from cruel
and unusual punishment.

On July 5, 2016, defendants filed a motion for summary judgment pursuant to Fed. R.
Civ. P. 56(a) on the grounds that French failed to exhaust his administrative remedies before
filing this action. After considering all the evidence submitted by the parties, I GRANT
defendants' motion for summary judgment.

## STANDARDS

Summary judgment should be granted if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). If the moving party shows that there are no genuine issues of material fact, the non-moving party must go beyond the pleadings and designate facts showing an issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A scintilla of evidence, or evidence that is merely colorable or not significantly probative, does not present a genuine issue of material fact. United Steelworkers of America v. Phelps Dodge, 865 F.2d 1539, 1542 (9th Cir. 1989).

The substantive law governing a claim determines whether a fact is material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also T.W. Elec. Service v. Pacific Elec. Contractors, 809 F.2d 626, 630 (9th Cir. 1987). Reasonable doubts as to the existence of a material factual issue are resolved against the moving party. T.W. Elec. Service, 809 F.2d at 631. Inferences drawn from facts are viewed in the light most favorable to the non-moving party. Id. at 630-31.

The Prison Litigation Reform Act ("PLRA") of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under Section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A prisoner does not satisfy the PLRA's exhaustion requirement by merely demonstrating that administrative remedies are no longer available. Woodford v. Ngo, 548 U.S. 81, 88 (2006). Instead, he must "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." Id. The exhaustion requirement is

mandatory, even when the prisoner seeks relief not available in grievance proceedings. Porter v.

Nussle, 534 U.S. 516, 524 (2002).

## DISCUSSION

In order for me to grant defendants' motion for summary judgment, I must find there are

no genuine issues of material fact as to whether French exhausted his administrative remedies.

The Oregon Department of Corrections ("ODOC") established an administrative review

procedure whereby inmates must first attempt to resolve disputes with staff through face-to-face

verbal communication and then a written inmate communication form. OAR 291-109-0100(3).

However, if face-to-face or written communication do not resolve the dispute, inmates may file a

written grievance, the first step in the three-level formal grievance and appeal process. OAR

291-109-0140(1)(a). If the inmate is not satisfied with the response to his written grievance, he

may appeal by filing a grievance appeal form. OAR 291-109-0170(1)(a). The appeal is then

forwarded to the functional unit manager for review and response. OAR 291-109-0170(1)(c). If

the inmate is not satisfied with the functional unit manager's response, the inmate's final step is

to file a grievance appeal form with the assistant director. OAR 291-109-0170(2)(a). The

assistant director's decision is final and is not subject to further review. OAR 291-109-

0170(2)(d). At that point, the inmate has exhausted his administrative remedies.

French's third amended complaint contains a number of claims of alleged mistreatment

he suffered while incarcerated at the Snake River Correctional Institution (SRCI). First, he

alleges that Dayton and Hollopter, correctional officers employed at SRCI, violated his 8th

Amendment rights when they were delivering his meal on July 15, 2012. [#62, p. 5] According

to French, Dayton kicked the cuff port closed injuring French's fingers. Later, Hollopeter thrust a food tray through the cuff port striking French in the stomach and shoved some bread through the cuff port with a closed fist hitting French in the crotch.

French filed grievances relating these complaints on July 30, 2012. [#83, Att. 7 and 8] Dayton responded to the grievance against him on August 21, 2012 stating that French had been threatening and disrespectful, such that Dayton felt compelled to close the cuff port. Because his hands were full, Dayton kicked the cuff port closed. He further stated that French was several feet away from the cuff port at the time and in no danger of being injured. Hellopeter responded to the grievance against him on September 19, 2012 stating that he handed the meal tray and bread into the cell after instructing French to stop yelling and disrespecting Dayton and himself. He served the tray the same way he did with other inmates, and if the tray touched any part of French's body it was because French was standing too close to the door. Hollopeter said he did not attempt to assault or cause harm to French. French appealed both grievances to the Superintendent Nooth of SRCI.

Nooth responded to French's appeal against Dayton on September 12, 2012. [#83, Att. 7 p. 7] In his response, Nooth noted that the Grievance Coordinator, James Taylor (Taylor), directed the investigation and Lt. R. Park investigated the grievance. Nooth concluded that the investigation did not substantiate French's allegations of misconduct and assault by Dayton, noting that French did not request or receive any medical attention. French's grievance against Dayton was closed on September 20, 2012 after it was learned that French had filed a tort claim notice.[1] [#83, Att.7 p. 5]

---

[1] Pursuant to Or. Admin.R. § 291-109-0160(4): "If at any time the grievance coordinator determines the inmate had pursued his/her issue through state or federal courts, or has filed a notice of tort claim, the grievance process will cease and the grievance will be returned to the inmate."

Nooth responded to French's appeal against Hollopeter on October 14, 2012 [#83, Att. 8, p.4]  In his response, Nooth noted that while Taylor coordinated the investigation, Nooth interviewed both Dayton and Hollopeter.  Nooth stated that if French had been struck by the food tray, it was because French was standing too close to the tray slot.  Nooth concluded that French's allegations against Hollopeter were unsubstantiated.  French's grievance against Hollopeter was closed on October 18, 2012 after it was learned that French had filed a tort claim notice.

The PLRA mandates that inmates exhaust all available administrative remedies before filing "any suit challenging prison conditions," including, but not limited to suits under Section 1983.  *Woodford v. Ngo*, 548 U.S. 81, 85 (2006).  Inmates are required to exhaust all available grievance remedies before filing a Section 1983 action, including appealing the grievance decision to the highest level within the grievance system or suffer dismissal of their complaint.  *Bennett v. King*, 293 F.3d 1096, 1098 (9th Cir. 2002).  Here, French's filing of the tort claim notice required the cessation of his grievance process.  French failed to appeal the grievance to the highest level within the grievance system, thus failing to exhaust his administrative remedies.

Under the PLRA, if a defendant shows that there was an available administrative remedy and that the prisoner did not exhaust that available remedy, then the burden of production shifts to the prisoner to come forward with evidence showing that administrative remedies were effectively unavailable to him.  *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014).  In his response, French does not claim that the administrative remedies were unavailable to him.  [#87]  Instead, he repeatedly asserts that he exhausted his administrative remedies; however, his proof falls short.  The documents purporting to prove exhaustion, written requests to appeal his 2012 complaints, are all dated in June of 2016.  [#87 p. 7-20]  These documents were written long

after the 14-day time allowed for appeals as provided in OAR 291-109-0170 (2)(c), long after the grievance procedure was closed in 2012 due to French's filing of the tort claim notices, and long after he filed this Section 1983 action. French does not provide proof that he exhausted his administrative remedies or that the remedies were effectively unavailable to him.

French makes two additional claims in this Section 1983 action. First he alleges that "Lt. R. Park conspired with and abetted with and obstructed and condoned the Assault & Battery that officers c/o J. Hollopeter & c/o Dayton committed against me on July 15, 2012." [#62 p. 5] He also asserts that Lt. Park ignored his complaint. French does not reference any date for this grievance. However, the record shows only one grievance filed against Park by French during his incarceration at SRCI. [#83 Att. 4, p. 8] Grievance SRCI.2012.08.095 against Lt. Park complains of unprofessional conduct by Park for doing nothing to respond to French's complaint about the staff. The grievance was filed on August 14, 2012, however French filed his complaint in this case on August 3, 2012 which served to cease the grievance process. The PRLA required French to complete the administrative review process as a precondition to bringing suit in federal court. 42 U.S.C. § 1997e(a) French could not have exhausted his administrative remedies on a grievance filed after the date he filed this lawsuit.

French's final claim alleges that Taylor retaliated against French by ordering an extraction team to remove him from his cell because French was sleeping on the floor. Again, French provides neither a date for this grievance nor a copy of the grievance. A review of the records attached to Taylor's Declaration filed in this case reveals no grievance filed against Taylor that matches French's allegations. [#83, Att. 4] From the record, I find no evidence of a grievance for French's third claim.

## CONCLUSION

Defendants produced evidence proving French failed to exhaust all of his available administrative remedies as to his claims against Dayton and Hollopeter arising out of the meal tray service. French provided no proof to show he had exhausted his administrative remedies or that there was something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him. Further, he failed to exhaust all of his available administrative remedies regarding his claims against Park. Finally, French failed to show any facts of a grievance filed against Taylor. I find there are no genuine issues of material fact as to whether French exhausted his administrative remedies and thus, defendants' motion for summary judgment is GRANTED.

IT IS SO ORDERED.

DATED this 22, day of November, 2016.

Robert E. Jones, Senior District Court Judge